UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BUZZFEED, INC., *et al*.              )
                                      )
            PLAINTIFFS                )    Case No. 1:14-cv-2034 (APM)
      vs.                             )
                                      )
                                      )
DEPARTMENT OF DEFENSE,                )
                                      )
            DEFENDANT                 )
                                      )
                                      )
_____)

## FIRST AMENDED COMPLAINT

### THE PARTIES

1.     Plaintiff Buzzfeed, Inc. (BuzzFeed) is an internet news media corporation.

2.     Aram Roston is a correspondent at BuzzFeed News who often covers national security issues. He has previously worked as a CNN correspondent, a producer at the investigative unit at NBC News, and as a senior correspondent at Newsweek Magazine, and his work has appeared in The New York Times, GQ, The Nation, The Guardian, The Observer and other newspapers and magazines. He's the recipient of various journalism awards including two Emmy Awards, and the Daniel Pearl Award for Outstanding International Investigative Journalism.

3.     The Department of Defense (DOD) is an agency of the United States.

4.     United States Central Command (USCENTCOM) is a component of the DOD. USCENTCOM has possession, custody and control of records Plaintiff seeks.

### JURISDICTION AND VENUE

1

5.      This action arises under the Freedom of Information Act (FOIA), 5 USC § 552.

6.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

7.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).


## BACKGROUND


8.      Detainee operations in Afghanistan have received little attention, especially compared to Guantanamo Bay, or Iraq.

9.      One matter of profound public interest is the transfer of prisoners from Afghanistan to other nations, including Mauritania. Task Force 435 was officially the organization charged with all detainee operations in Afghanistan, yet virtually nothing has been reported on it.

10.     The records requested will be used for a story or several stories about US detention operations in Afghanistan in recent years, with a focus on Task Force 435.

11.     Plaintiff incorporates by reference each of the documents referred to in this Complaint.


## PLAINTIFF'S FOIA REQUESTS


12.     On June 3, 2014, Mr. Aram Roston submitted a FOIA request to USCENTCOM on behalf of BuzzFeed requesting: (1) Documents concerning complaints or allegations of misuse of force of brutality, whether by US or other personnel; (2) Documents reflecting any death or injuries to detainees in custody or during transfer; (3) Documents concerning the use of improper techniques during interrogation; (4)

Investigative documents concerning misconducting in detainee operations during this period; and (5) Documents concerning the transfer of any detainees to Mauritania, Pakistan, and in or out of Afghanistan.

13.     On June 4, 2014, Steven L. Johnson of USCENTCOM sent Mr. Roston an email acknowledging receipt of Mr. Roston's request and assigning the request case number 14-0212. In this email, Mr. Johnson initially characterized Mr. Roston's request as potentially "too broad and burdensome in magnitude as currently described." After discussion, the request was accepted and placed into USCENTCOM's FOIA processing queue.

14.     On October 2, 2014, Mr. Roston received a letter from Robert H. Bennet, Chief of the Resources & Analysis Division of USCENTCOM, informing Mr. Roston that his request was placed into the "Media" category for processing fee purposes. The letter further informed Mr. Roston that his request was number 140 in USCENTCOM's FOIA processing queue.

15.     On October 22, 2014, Mr. Roston received a letter from Lieutenant Colonel David A. Gale informing him that his request had moved up to number 130 in USCENTCOM's FOIA processing queue.

16.     On January 9, 2015, Mr. Aram Roston submitted a FOIA request to USCENTCOM on behalf of BuzzFeed requesting: (1) Any and all autopsies performed on detainees; (2) Any and all records reflecting allegations of misconduct by personnel at CJTF 435 or JTF 435. This request includes, but is not limited to, AR-15 investigations conducted into misconduct allegations; (3) Any and all legal guidance, memos, or other records mentioning, discussing, or referring to interrogation techniques used on detainees from 2009 to the present; (4) Any and all records reflecting the transfers of detainees to other facilities. This request includes, but is not limited to, authorization of transfers,

records reflecting the reasons for transfer, communications discussing whether or how to transfer detainees to other facilities, and scheduling flights to transfer detainees; (5) Any and all records reflecting transfer or rendition of detainees to other countries; (6) Any and all records concerning Younis al-Mauritani, born Abd al-Rahman Ould Muhammad al-Husayn Ould Muhammad Salim. In May 2013, he was transferred in a US Air Force aircraft from Afghanistan to Mauritania. He is reported to have been captured by Pakistani forces in 2011 and transferred to US custody in Afghanistan; (7) Any and all records, including briefing papers, memos and emails, containing either the word "Mauritania" or the word "Nouakchott" by CJTF 435; (8) Any and all records constituting detainee complaints about mistreatment, including but not limited to, the detainee's complaint, records reflecting any investigation of the complaint, emails or other communications mentioning or referring to the complaint, records reflecting interviews conducted in connection with the complaint, transcripts reflecting any hearings on the complaints, records reflecting any determination made as to the complaint and nay other records that are part of or generated by the investigation of the complaint. When conducting email search, please include communications with the Inspector General's Office; (9) Any and all records concerning allegations of misconduct committed by members of the task force; (10) Any and all records mentioning, discussing, or referring to the investigation of misconduct in detainee operations including, but not limited to, any talking about and records pertaining to talking points, including, but not limited to, emails, reports, briefing papers, and memos; (11) Any and all talking points (whether in draft or final versions) and records generated in preparing the talking points from USCENTCOM, the Department of Defense, and Combined Joint Interagency Task Force 435 mentioning, discussing, or referring to the proposed closing of the Bagram detention facility and/or the transfer of current prisoners; (12) Any and all Standard Operating Procedures (SOPs) whether

4

currently or formerly in use at Bagram; (13) Any and all drafts of SOPs and all communications discussing proposed changes to SOPs. (14) Any and all records reflecting the number of hunger strikers ("non-religious, long-term fasters") at Bagram; (15) Any and all records reflecting policy mentioning, discussing, or referring to Bagram detainees' access to counsel; (16) Any and all records reflecting policy towards hunger strikers ("non-religious, long term fasters.")

17.     On January 13, 2015, Mr. Roston received a communication from USCENTCOM via email informing him that his request was not perfected because it did not mention the US dollar amount Mr. Roston/BuzzFeed was willing to spend.

18.     On January 13, 2015, Mr. Roston responded to the email from USCENTCOM informing them that he would be willing to pay up to $500.

19.     On January 14, 2015, Mr. Roston received a communication from USCENTCOM via email acknowledging receipt of Mr. Roston's perfected FOIA request.

20.     On January 23, 2015, Lieutenant Colonel David A. Gale, of the U.S. Air Force sent Mr. Roston a letter assigning the January 9, 2015 FOIA request case number 15-0082 and placing it at 203 in the USCENTCOM FOIA queue. Lieutenant Colonel Gale further informed Mr. Roston that his requests for expedited processing and for fee waiver were both denied. Lieutenant Colonel Gale finally informed Mr. Roston that his request was placed into the "Media" category for fee purposes.

21.     As of the filing of this Complaint, Mr. Roston has not received a final determination as to whether USCENTCOM will produce the requested documents on neither case number 14-0212 nor 15-0082.

22.     Under 5 USC § 552(a)(6)(C)(i), Mr. Roston is deemed to have exhausted his administrative remedies with regard to his FOIA requests to USCENTCOM.

<u>COUNT I:</u>

5

<u>VIOLATION OF FOIA</u>

23.     This Count realleges and incorporates by reference all of the preceding paragraphs.

24.     USCENTOM has violated FOIA by failing to provide Mr. Roston with a final determination as to whether it will produce the requested records.

25.     Plaintiff has been and will continue to be irreparably harmed until Defendants are ordered to comply with Plaintiff's FOIA requests.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare the Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin the Defendant from continuing to withhold the records responsive to Plaintiff's FOIA requests and otherwise order Defendant to produce the requested records without further delay.

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(4) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

___/s/ Jeffrey Light_____
    Jeffrey L. Light
    D.C. Bar #485360
    1712 Eye St., NW
    Suite 915
    Washington, DC 20006
    (202) 277-6213

    *Counsel for Plaintiff*

6